EDWARD GILDERSLEEVE, Appellant, v. H, OVERSTOLZ, Respondent.

St. Louis Court of Appeals, December 16, 1902.

1. **Evidence:** INJUNCTION: REMEDY AT LAW: PRACTICE, TRIAL: PRACTICE, APPELLATE: BILL OF EXCEPTIONS. In the case at bar, the evidence preserved in the bill of exceptions fails to show that plaintiff did not have an adequate remedy at law: *Held,* injunction will not lie.

2. **Judicial Notice:** COURTS OF APPEALS: PRACTICE, APPELLATE. The Court of Appeals takes judicial notice of all of its records and proceedings.

3. **Injunction:** POSSESSION: TRESPASS TO REAL ESTATE. One out of possession can not maintain injunction for a trespass to real estate.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan,* Judge.

AFFIRMED.

*Hiram N. Moore* for appellant.

(1) Under the evidence in this case it is conclusively shown that plaintiff was the owner of certain property, engaged in a legitimate business, and using said property in the pursuit of his business. That defendant, wrongfully and without any authority at law whatever, was proceeding to demolish and destroy said property, when, in the midst of his unlawful act, he was restrained by an order of the circuit court. Under the evidence and the law the judgment ought to have been for the plaintiff. (2) The work of destruction had not been completed at the time the writ was served. (3) Even if such had been the case, it would constitute no defense to this action. Albers v. Merchants' Exchange, 39 Mo. App. 590; Russel v. Railway, 36 Mo. App. 372. (4) The threatened damage to plaintiff's property was not capable of fair estimation, and could not be fully compensated by an action at law. Even if such damage could have been fairly estimated under the circumstances of this case, the writ should go. Kercheval v. Bank, 65 Mo. 682.

BLAND, P. J.—This is a suit for an injunction to restrain the defendant from committing a trespass and waste on premises at No. 106 North Broadway, in the city of St. Louis, occupied by plaintiff as lessee.

An examination of the evidence preserved in the bill of exceptions utterly fails to show that plaintiff did not have an adequate remedy at law. On the other hand, an examination of the records and proceedings of this court—of which we take judicial notice—shows that plaintiff sued for and recovered of defendant all the damages he sustained by reason of the trespass, and punitive damages in addition thereto. Gildersleeve v. Overstolz, 90 Mo. App. (St. L.) 518.

The evidence further shows that after plaintiff was forcibly turned out of the premises, he never regained possession thereof. One out of possession can not maintain injunction for a trespass to real estate. Powell v. Canaday, 96 Mo. App. 27.

The judgment is affirmed. *Barclay* and *Goode*, *JJ.*, concur.